**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-63


UNITED STATES TAX COURT


TRAVIS L. WILLIAMS AND EDDIE J. WILLIAMS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 23497-11S, 23498-11S.          Filed August 13, 2013.


Travis L. Williams and Eddie J. Williams, pro sese.

<u>Shannon Edelstone</u>, for respondent.


SUMMARY OPINION


HAINES, <u>Judge</u>: These consolidated cases were heard pursuant to section

7463 of the Internal Revenue Code in effect when the petitions were filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the taxable years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decisions to be entered are not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioners' Federal income tax for 2007 and 2008 (years at issue) of $8,067 and $28,886,[2] respectively, and accuracy-related penalties under section 6662(a) of $1,613 and $5,777, respectively. After concessions,[3] the issues for decision are whether petitioners are entitled to deduct certain losses from their rental real estate activity for the years at issue and whether petitioners are liable for accuracy-related penalties.

## Background

Some of the facts have been stipulated and are so found. Those exhibits attached to the stipulations which were found admissible are incorporated by this reference. Petitioners resided in California when the petition was filed.

In 2007 and 2008 Mr. Williams worked as a real estate appraiser, and Mrs. Williams worked full time as a supervisor at a technology company. Mr. and Mrs.

_____

[2]All amounts are rounded to the nearest dollar.

[3]Respondent also determined that petitioners were not entitled to deductions for meals and entertainment expenses, medical expenses, and a mortgage interest expense claimed for either 2007 or 2008. Additionally, respondent determined petitioners failed to include in income taxable interest and dividends for 2008. Petitioners did not address these issues at trial; therefore, the issues are deemed conceded. See Rule 149(b). The remaining issues are computational and need not be addressed.

Williams together owned 10 real properties, including 9 rental properties (rental properties) during the years at issue. Several of the rental properties were in Arizona and Nevada, and petitioners used a management company to provide certain services for the rental properties. Petitioners elected to treat the rental properties as a single activity (rental property activity) under section 469(c)(7)(A) and section 1.469-9, Income Tax Regs., for the years at issue.

Petitioners timely filed joint Federal income tax returns for the years at issue. On their 2007 return petitioners claimed a rental real estate loss deduction of $40,698, and on their 2008 return they claimed a rental real estate loss deduction of $236,145. Petitioners' adjusted gross income without the claimed rental real estate losses exceeded $150,000 for each year at issue. Respondent issued a notice of deficiency disallowing the claimed rental real estate loss deductions.[4] Petitioners timely filed a petition with this Court challenging the determinations.

---

[4]Respondent also made several other determinations that have been conceded. See supra note 3.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer bears the burden of proving it incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving his entitlement to any deductions claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

### II. Passive Activity Losses

Taxpayers are allowed deductions for certain business and investment expenses under sections 162 and 212. However, section 469 generally disallows the deduction of any passive activity loss. A passive activity loss is defined as the excess of the aggregate losses from all passive activities for that year over the aggregate income from all passive activities for the year. Sec. 469(d)(1). A passive activity is any trade or business in which the taxpayer does not materially participate. Sec. 469(c)(1).

Rental activity is generally treated as a per se passive activity regardless of whether the taxpayer materially participates. Sec. 469(c)(2). However, the rental

activities of a taxpayer who is a real estate professional under section 469(c)(7)(B)

are not treated as per se passive activities. Sec. 469(c)(7)(A)(i).

To qualify as a real estate professional, a taxpayer must satisfy both of the

following requirements:

> (i) more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and

> (ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.

Sec. 469(c)(7)(B). For couples filing "a joint return, the requirements of the

preceding sentence are satisfied if and only if either spouse separately satisfies

such requirements." Id. Section 1.469-5T(f)(4), Temporary Income Tax Regs., 53

Fed. Reg. 5727 (Feb. 25, 1988), sets forth the requirements necessary to establish

the taxpayer's hours of participation as follows:

> The extent of an individual's participation in an activity may be established by any reasonable means. Contemporaneous daily time reports, logs, or similar documents are not required if the extent of such participation may be established by other reasonable means. Reasonable means for purposes of this paragraph may include but are not limited to the identification of services performed over a period of time and the approximate number of hours spent performing such services during such period, based on appointment books, calendars, or narrative summaries.

Although "reasonable means" may be interpreted broadly, a postevent "ballpark guesstimate" will not suffice.  <u>Moss v. Commissioner</u>, 135 T.C. 365, 369 (2010).

Even if taxpayers fail to qualify as real estate professionals under section 469(c)(7) and must therefore treat losses from their rental properties as passive activity losses, they may still be eligible to deduct a portion of their losses under section 469(i)(1).  Section 469(i) provides a limited exception to the general rule that passive activity losses are disallowed.  A taxpayer who actively participates in a rental real estate activity may deduct a loss of up to $25,000 per year related to the activity.  The deduction is phased out as adjusted gross income, modified by section 469(i)(3)(F), exceeds $100,000, with a full phaseout occurring when modified adjusted gross income equals $150,000.  Sec. 469(i)(3)(A).

Petitioners contend that Mr. Williams satisfies the real estate professional requirements under section 469.  Mr. Williams testified he spent over 800 hours and more than one-half of his time performing personal services in the rental property activity for each year at issue.  Petitioners failed to introduce documentation or other credible evidence corroborating Mr. Williams' testimony.[5]

---

[5]Petitioners prepared certain logs to substantiate the time Mr. Williams spent performing services in the rental property activity.  Respondent objected to the evidentiary admissibility of the logs on hearsay grounds, and the Court sustained respondent's objection after Mr. Williams testified the logs were

(continued...)

Moreover, respondent's cross-examination of Mr. Williams revealed that his testimony was inconsistent with other credible evidence and unreliable.  In particular, on cross-examination respondent showed that Mr. Williams claimed credit for services actually performed by Mrs. Williams in estimating the number of hours he spent in the rental property activity.  On cross-examination Mr. Williams also contradicted himself when he claimed that he did not use a management company for the rental properties, as petitioners' tax returns for the years at issue indicated that he had paid a management company for certain services related to the rental properties.  Finally, on cross-examination Mr. Williams could not answer how many hours he spent performing services related to his real estate appraisal business but answered that he definitely spent 843 hours for 2007 and 864 hours for 2008 in the rental property activity.  In the absence of corroborating evidence, we find his testimony regarding the time he spent performing services in the rental property activity to be self-serving and unreliable.  See Tokarski v. Commissioner, 87 T.C. 74, 76-77 (1986); see also

---

[5](...continued)
prepared for trial.  See Fed. R. Evid. 801(c).  Rule 174(b) provides that any evidence deemed by the Court to have probative value shall be admissible in a small tax case.  Because the logs were prepared for trial and not contemporaneously, we find that the logs lack probative value.  The Court thus concludes that the logs are inadmissible.

Chapman Glen Ltd. v. Commissioner, 140 T.C. __, __ (slip op. at 45) (May 28, 2013). In short, Mr. Williams' estimates of the time he spent in the rental property activity are at best postevent ballpark guesstimates to which we attach no weight.

As for the active participation exception to the passive loss rules, it is irrelevant because the $25,000 amount begins to phase out when the taxpayer's adjusted gross income, determined without regard to any passive activity loss, exceeds $100,000 and is phased out entirely when the taxpayer's adjusted gross income reaches $150,000. Sec. 469(i)(3)(F)(iv). Without the passive activity losses, petitioners' adjusted gross income for each year at issue exceeded $150,000. See Moss v. Commissioner, 135 T.C. at 371-372. Therefore, they are not entitled to deduct any passive activity losses under section 469(i)(3).

## III.  Accuracy-Related Penalties

We now turn to the accuracy-related penalties respondent determined. Section 6662(a) and (b)(2) imposes a 20% accuracy-related penalty upon any underpayment of tax resulting from a substantial understatement of income tax. An understatement of income tax is substantial if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

Respondent bears the burden of production with respect to petitioners' liability for the accuracy-related penalties determined in the notice of deficiency

and must therefore produce evidence that it is appropriate to impose the penalties. See sec. 7491(c); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Petitioners' understatement of income tax as reflected in the notice of deficiency is greater than $5,000 and 10% of the tax required to be shown on the return for each year at issue. Accordingly, respondent has met his burden of production.

The accuracy-related penalty is not imposed, however, with respect to any portion of the underpayment of tax if the taxpayer can establish that he acted with reasonable cause and in good faith with respect to that portion. Sec. 6664(c)(1). The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Circumstances indicating that a taxpayer acted with reasonable cause and in good faith include "an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Id. Petitioners did not address their liability for the accuracy-related penalty at trial. Moreover, petitioners maintained no contemporaneous books, logs, or records that substantiate the hours Mr. Williams claims he spent managing the rental properties. Nor did petitioners otherwise show that they acted with reasonable cause or in good faith with respect to the underpayments for the years at issue. Given the circumstances, we find that

they did not act with reasonable cause and in good faith, and therefore we hold petitioners are liable for the accuracy-related penalties for the years at issue.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decisions will be entered for respondent.